**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN CARLOS TORRES, | No. 18-56267 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-01527-DSF-JEM |
| v. | |
| NATIONSTAR MORTGAGE LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

John Carlos Torres appeals pro se from the district court's summary judgment in his action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and state law arising out of foreclosure proceedings on his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Torres's FDCPA claim under 15 U.S.C. § 1692f(6) because Torres failed to raise a genuine dispute of material fact as to whether defendants' conduct was unfair or unconscionable. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) ("Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." (citation omitted)).

The district court properly granted summary judgment on Torres's claims under §§ 1692d(1), 1692e, 1692g(b), 1692i, 1692j of the FDCPA because Torres failed to raise a genuine dispute of material fact as to whether defendants violated any of these provisions. *See Cleveland*, 526 U.S. at 805-06.

The district court did not abuse its discretion by denying Torres's motion for reconsideration under Federal Rule of Civil Procedure 60(b) because Torres failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Rule 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**